Before JONES, Chief Justice, and EDMONDS and EDWARDS, Justices.

---

### BACON v. TOWNSEND.

An action for a malicious prosecution cannot be maintained until the prosecution alleged to be malicious is ended; and the mere fact that the accused was discharged from the recognizance entered into by him at the time of his arrest, is not such a termination of the prosecution as will warrant an action.

The question of probable cause, where there is no dispute as to facts, is a question of law for the court to determine; and in such case it is competent for the judge, at *Nisi Prius*, to order a nonsuit on the ground of there being probable cause.

ACTION for malicious prosecution. On the trial the plaintiff was nonsuited, and the plaintiff excepted to the ruling of the judge, and moved for a new trial. The other facts sufficiently appear in the judgment of the court.

Bacon v. Townsend.

*Bowdoin* — *Barlow* with him — for defendant, among other points, contended —

1. That in cases of felony the grand jury alone could put an end to the proceedings. Cited 4 Blk. Com. 305; *Morgan* v. *Hughes* (2 Term R. 231), and 2 R. S. 208, § 5; id. 216, § 44; id. 730, § 67; id. 737, §§ 28, 30.

2. A nonsuit will not be set aside if any of the grounds on which it was moved for are tenable. (*Curtis* v. *Hubbard*, 1 Hill, 336; *Hanford* v. *Artcher*, 4 Hill, 276.)

3. Where there is no dispute as to the facts, the want of probable cause is a question for the court. (*Masten* v. *Deyo*, 2 Wend. 424; *Baldwin* v. *Weed*, 17 Wend. 227; *Gorton* v. *De Angelis*, 6 Wend. 421.) Want of probable cause defined. (1 Chit. Gen. Prac. 150; also, in *Foshay* v. *Ferguson*, 2 Denio, 619.)

*Edwards, J.:* The reason assigned by the circuit judge for the nonsuit granted by him, was, that the prosecution was not at an end.

It appears by the testimony that a recognizance was given, conditioned generally for the appearance of the plaintiff in this suit, at the then next court of the General Sessions of the Peace for the city and county of New York. This recognizance contained no reference to any particular charge which has been made against the plaintiff; and there is nothing except the names of the parties mentioned in it which could authorize the inference that it referred to the offense for which the plaintiff is alleged to have been maliciously prosecuted. It further appears, by the testimony of a deputy clerk of the Court of General Sessions, that there was an indorsement upon the affidavits taken by the police magistrate before whom the complaint had been made in these words, "Bail discharged, April 20th, 1848."

It is contended, on the part of the plaintiff, that this was sufficient proof that there was an end to the prosecution before the commencement of this suit.

In the case of *Morgan* v. *Hughes* (2 Term R. 225), the

plaintiff alleged, in his declaration, that the defendant had maliciously and without probable cause made a charge of felony against him before a justice of the peace, who had issued a warrant, under which the plaintiff had been arrested and compelled to undergo a long imprisonment, until a certain period mentioned, *when he was released and discharged from his said imprisonment.* To this declaration there was a special demurrer, and one of the causes assigned was, that it did not appear, by the declaration, that the plaintiff had been tried or acquitted, or, by due course of law, discharged from the supposed felony and charge. Justice BULLER, in giving his opinion, says that " stating that the plaintiff was *discharged* is not sufficient; it is not equal to the word *acquitted*, which has a definite meaning. When the word ' acquitted ' is used it must be understood in the legal sense, namely, by a jury on the trial. But there are various ways in which a man may be discharged from his imprisonment without putting an end to the suit. If, indeed," he further says, " it had been alleged that the plaintiff had been discharged by the grand jury's not finding the bill, that would have shown a legal end to the prosecution." So, in this case, the discharge of the security given for the plaintiff's appearance, which is in all respects analagous to his discharge from imprisonment, did not show that there was an end of the suit. The bail might have been discharged by a surrender of their principal, and their discharge, without such surrender, would not have prevented the grand jury from finding a bill at any time before the offense became barred by the statute of limitations.

Nothing appears from which it could be said that the prosecution was at an end, and the circuit judge was right in granting a nonsuit.

The motion for a new trial must be denied, with costs.

*Edmonds, J.:* Independent of the ground on which, at *Nisi Prius*, I rested the nonsuit, there are other grounds sufficient to sustain it; and, even if I was wrong in holding that the discharge of the recognizance did not put an end to the

prosecution, I was right in granting the nonsuit, because there was no want of probable cause.

It is well settled that where there is no dispute as to facts, the question of probable cause is one solely for the determination of the court. It would have been erroneous for me to have submitted to the jury to determine whether there was a want of probable cause. That was a question which it was my duty to decide, and it is manifest to me now, on reviewing the testimony as spread out in the bill of exceptions, that there was no want of probable cause.

It is therefore no matter whether the reasons which I gave for the nonsuit, on the trial, were well grounded, or not. The exception was not to my reasoning, but to the judgment of nonsuit which I ordered. The judgment was clearly right on other grounds, if not on that which I thus rested it, and it ought not be disturbed.